UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAH RUMREICH, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No:   2:17-cv-292-FtM-38MRM

GOOD SHEPHERD DAY SCHOOL OF
CHARLOTTE, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

Pending before the Court are Plaintiff's Motion for Leave to Amend Complaint, Add Parties (Doc. 44); Plaintiff's Notice of Acceptance of Rule 68 Offer of Judgment (Doc. 46); Plaintiff's Notice of Filing of Offer of Judgment (Doc. 48); and the Offer of Judgment (Doc. 48-1).  For the reasons explained below, the Undersigned respectfully recommends that Plaintiff's Motion for Leave to Amend Complaint, Add Parties (Doc. 44) be **DENIED WITHOUT PREJUDICE** and the Offer of Judgment be **STRICKEN** and held to be null and void.

**I.**　　**Background**

On July 18, 2018, Plaintiff filed a Motion for Leave to Amend Complaint seeking to add Opt-In Plaintiffs Joleen Doherty and Kimberly Coleman as party Plaintiffs in this action.  (Doc.

---

[1]  Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

44 at 3). Notably, however, the proposed Third Amended Complaint (Doc. 44-1) does not include Plaintiff Mariah Rumreich as a party. This fact, however, is explained by Plaintiff's Notice of Acceptance of Rule 68 Offer of Judgment filed simultaneously with the Motion for Leave to Amend. (*See* Doc. 46). In her Notice, Plaintiff Mariah Rumreich states "[o]n July 6, 2018, Defendant served an Offer of Judgment pursuant to [Fed. R. Civ. P. 68.]" (*Id.* at 1). Plaintiff states that she "accepts Defendant's Offer of Judgment in the amount of $500.00." (*Id.* at 1).

On July 19, 2018, the Court entered an Order allowing the parties to file additional information explaining why the Offer of Judgment either (1) provides Plaintiff full relief of her Fair Labor Standards Act ("FLSA") claims or (2) is a fair and reasonable resolution of her FLSA claims. (Doc. 47 at 8). As explained previously, the fairness analysis mandated by the Eleventh Circuit's seminal decision in *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) applies to cases where there is an acceptance of a Rule 68 offer of judgment. (*Id.* at 1-8). As a result, additional information was needed before the Court could address Plaintiff's Notice of Acceptance of Rule 68 Offer of Judgment (Doc. 46) or Plaintiff's Motion for Leave to Amend Complaint, Add Parties (Doc. 44). Moreover, the Court noted that, until the issues surrounding the Offer of Judgment were resolved, it would not entertain a Motion to remove Plaintiff Mariah Rumreich as a party because the Court must be satisfied that Plaintiff Mariah Rumreich has either received full relief of her FLSA claims or that any compromise of her FLSA claims is fair and reasonable. (*Id.* at 7).

In response to the Court's Order, Plaintiff filed a Notice of Filing Offer of Judgment. (Doc. 48). Plaintiff attached the Offer of Judgment to the Notice. (*See* Doc. 48-1). The Notice states that Plaintiff requests that the Court retain jurisdiction for an award of attorney's fees and

costs. (Doc. 48 at 1). Other than that request and the Offer of Judgment itself, Plaintiff provided no further supplementation or other information to the Court.

After careful review of Plaintiff's submissions, the Undersigned finds that Plaintiff's filings are woefully insufficient for the Court to determine whether the Offer of Judgment represents a fair and reasonable resolution of Plaintiff's claims under the FLSA. The Undersigned, therefore, recommends that Plaintiff's Motion for Leave to Amend Complaint, Add Parties (Doc. 44) be denied without prejudice and that the Offer of Judgment be stricken and held to be null and void.

## II.     Legal Standards

The present action was brought pursuant to the FLSA. In FLSA cases, the Court must determine whether any agreement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food*, 679 F.2d at 1355; 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Lynn's Food*, 679 F.2d at 1352-53. The first way, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id.* at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id.*

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit:

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in

dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, however, Plaintiff Mariah Rumreich and Defendant do not appear to have executed a settlement agreement but, instead, appear to have resolved Plaintiff's claims via an offer of judgment.

Fed. R. Civ. P. 68(a) provides:

At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

As noted by the Court's July 19, 2018 Order, however, this Court has addressed, on several occasions, the intersection of Rule 68 and the judicial scrutiny required by *Lynn's Food*. (*See* Doc. 47 at 3-6).[2] Indeed, this Court has specifically stated that "Rule 68 . . . contains no exclusion that precludes its application in a FLSA case." *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003) (Merryday, J) (adopting report and recommendation). Thus, "a Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to the FLSA." *Id.* (citing *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir. 1997)).

For example, in *Mackenzie v. Kindred Hospitals East, L.L.C.*, the plaintiff moved to strike a Rule 68 offer of judgment that afforded him complete relief for his FLSA claims. *Id.* at 1214-17. The plaintiff argued that the offer of judgment was inconsistent with the collective

---

[2] The relevant authorities cited here are identical to those cited in the Court's July 19, 2018 Order. (*See* Doc. 47 at 3-6). For purposes of clarity and completeness, the Undersigned has included them again here.

action protocols of the FLSA and the requirements of *Lynn's Food.  Id.* at 1216-17.  The Court found, however, that *Lynn's Food* only "addresses judicial oversight of 'compromises' of FLSA claims."  *Id.* at 1217.  Because the plaintiff had been offered full compensation on his claim, the Court found that the case did not involve a compromise.  *Id.*  Thus, the Court found that "[t]here is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation."  *Id.*  Moreover, the Court also found that an offer of judgment of full relief was "obviously reasonable."  *Id.*

Nevertheless, Chief Judge Steven D. Merryday, the presiding District Judge in *Mackenzie*, later revisited *Mackenzie* in *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010).  In *Dees*, Chief Judge Merryday clarified that, while *Mackenzie* remains sound, it only stands for "an exceedingly narrow and patently obvious 'exception' to *Lynn's Food*."  *Id.* at 1240.  Specifically, under *Lynn's Food*, no further judicial inquiry is necessary only when a "judicial inquiry confirms both 'full compensation' and 'no side deal' (in other words, the absence of compromise)."  *Id.* at 1240.

Chief Judge Merryday then clarified what is required in FLSA cases.  *Id.* at 1246-47.  Specifically, Judge Merryday wrote that "[i]f presented in an FLSA action with a notice of settlement, a stipulation for dismissal, *an offer of judgment*, or the like, the judicial approval required by *Lynn's Food* and the public's right of access to a judicial proceeding compel the parties to file their agreement in the public docket of the district court."  *Id.* (emphasis added).  The Court then "must determine whether the employee purports to compromise an FLSA right."  *Id.* at 1247.  If the Court confirms, after judicial scrutiny, that "the parties' settlement involves no compromise, the district court should approve the settlement and dismiss the case (if the

employer has paid) or enter judgment for the employee (if the employer has not paid)." *Id.* On the other hand, "[i]f the parties' proposed resolution requires the employee to compromise an FLSA right, the district court must scrutinize the compromise for 'fairness.'" *Id.*

While *Dees* does not specifically address the judicial scrutiny required under *Lynn's Food* for offers of judgment, the case nonetheless stands for the proposition that all forms of compromise in FLSA cases, including offers of judgment, must be reviewed by the Court for fairness and reasonableness. *See id.* Notwithstanding this point, other judges in this district and other district courts within the Eleventh Circuit have specifically addressed whether a fairness finding can or must be made pursuant to *Lynn's Food* when there is an offer of judgment in an FLSA case.

For example, in *Kingsley v. Noonan*, this Court rejected the plaintiff's argument that, simply because the settlement was effectuated through an offer of judgment made pursuant to Rule 68, the settlement was insulated from fairness scrutiny under *Lynn's Food*. No. 6:12-cv-500-ORL-22, 2012 WL 5378743, at *1 (M.D. Fla. Oct. 31, 2012). Likewise, in *Dowell v. Kidz R 4 UZ, Inc.*, this Court concluded that "acceptance of a Rule 68 offer of judgment in an FLSA case does not relieve [the Court] of the duty to make the fairness finding required by *Lynn's Food Stores, Inc.*" No. 6:08-cv-651-ORL22KRS, 2009 WL 113284, at *2 (M.D. Fla. Jan. 16, 2009).

Similarly, in *Walker v. Vital Recovery Servs., Inc.*, a jurist in the Northern District of Georgia expressly found that "Defendants' contention that the Offers of Judgment provide full relief does not exempt the offers from the Court's review to determine whether Plaintiff's FLSA rights have been abridged through compromise." 300 F.R.D. 599, 603 (N.D. Ga. 2014). Additionally, the court found that there was insufficient documentation for the court to perform

6

the judicial review required by *Lynn's Food*. *Id.* at 605. In the absence of a sufficient record, the court struck the defendant's Rule 68 offers of judgment from the record, holding them null and void. *Id.*

Taking these authorities together, when the Court is presented with an acceptance of a Rule 68 offer of judgment in an FLSA case, the Court must first review the offer of judgment to determine whether it provides the plaintiff full relief of the FLSA claims or whether the plaintiff has compromised an FLSA right. *See Dees*, 706 F. Supp. 2d at 1246-47. If the offer of judgment provides Plaintiff full relief, then the Court need not further scrutinize the offer for fairness or reasonableness. *See id.*; *Mackenzie*, 276 F. Supp. 2d at 1216. If, however, the Court determines that the offer of judgment involves a compromise, then the Court must scrutinize it for fairness and reasonableness. *See, e.g.*, *Kingsley*, 2012 WL 5378743, at *1; *see also Dees*, 706 F. Supp. 2d at 1246-47. If the Court cannot determine whether the offer of judgment is fair or reasonable because the record is insufficient, then it is appropriate for the Court to strike the offer of judgment from the record and to hold it null and void. *See Walker*, 300 F.R.D. at 605.

### III.    Discussion

With the above framework in mind, the Undersigned finds that the Court cannot determine, on the current record, whether the Offer of Judgment represents a fair and reasonable resolution of Plaintiff's FLSA claims. Instead, for the reasons explained below, the Undersigned finds that current record is woefully insufficient to make such a finding.

#### A.    Full Relief of Plaintiff's FLSA Claims

As an initial matter, the Court must determine whether the Offer of Judgment provides Plaintiff full relief of her FLSA claims. *See Dees*, 706 F. Supp. 2d at 1246-47. As stated above,

if the Offer of Judgment provides Plaintiff full relief of her FLSA claims, then further judicial scrutiny is not necessary.  *See id.*; *Mackenzie*, 276 F. Supp. 2d at 1216.

Here, it is clear that the Offer of Judgment does not provide Plaintiff full relief of her FLSA claims.  For one, neither Plaintiff's Notice of Acceptance nor the Offer of Judgment itself state that the Offer of Judgment provides Plaintiff full relief of her FLSA claims.  (*See* Doc. 46; Doc. 48-1).  Moreover, the parties have not provided any additional documentation demonstrating that the Offer of Judgment provides Plaintiff full relief.

In Plaintiff's Answers to the Court's Interrogatories, furthermore, Ms. Rumreich stated under oath that she seeks $3,805.81 in unpaid wages plus liquidated damages.  (Doc. 24-1 at 2). The proposed judgment amount, however, is only $500.00 in total.  (Doc. 46; Doc. 48-1).  Thus, the amount Plaintiff originally sought in this case far exceeds the amount of the proposed judgment.  Accordingly, it is clear from the current record that the Offer of Judgment, in fact, does not provide Plaintiff full relief of her FLSA claims.

**B.     Fairness and Reasonableness**

Because the Offer of Judgment represents a compromise of Plaintiff's FLSA claims, the Court is required to determine whether the Offer of Judgment is a fair and reasonable resolution of Plaintiff's FLSA claims under *Lynn's Food*.  The Undersigned cannot make such a determination on the current record for at least two reasons.  First, none of the documentation provided by Plaintiff discloses the allocation of the gross judgment amount, including which portions of the judgment amount are attributable to unpaid wages, liquidated damages, or any other form of recovery.  (*See* Doc. 46; Doc. 48-1).  Second, the documentation provided by Plaintiff is insufficient to evaluate the fairness and reasonableness of the proposed settlement

amount, especially when the Undersigned compares the settlement amount with Plaintiff's prior sworn statements of record concerning the value of her FLSA claims.  (*See id.*).

### 1.     Allocation of the Judgment

In FLSA actions, there are two primary forms of damages available.  Specifically, 29 U.S.C. § 216(b) states that "[a]ny employer who violated the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  Under the statute, an employee's right to either a minimum wage or overtime is unconditional.  *See Dees*, 706 F. Supp. 2d at 1247.  Nonetheless, a court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good-faith belief that the act or omission was not in violation of the FLSA.  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008).  Accordingly, because the Court must consider both unpaid wages and liquidated damages, the Court must review any resolution not only for the amount of unpaid wages, but also for the amount of liquidated damages in determining fairness and reasonableness under the FLSA.

In this instance, however, the manner in which both the Notice of Acceptance and the Offer of Judgment describe the judgment amount precludes a finding of fairness and reasonableness.  Specifically, both the Notice of Acceptance and the Offer of Judgment state that the proposed judgment amount is $500.00.  (Doc. 46; Doc. 48-1).  Nevertheless, neither the Notice of Acceptance nor the Offer of Judgment specify or itemize which portions of the proceeds are attributable to unpaid wages, liquidated damages, or any other type of recovery.  (*See id.*).  Without knowing the allocation of the gross judgment amount, including which

portions are attributable to unpaid wages, liquidated damages, or any other potential form of recovery, the Court cannot adequately review the Offer of Judgment for fairness and reasonableness. For this reason, the Undersigned cannot recommend that the Offer of Judgment be found to be a fair and reasonable resolution of Plaintiff's FLSA claims.

### 2. Settlement Amount

Additionally, the Undersigned finds the documentation provided by Plaintiff is insufficient to evaluate the fairness and reasonableness of the proposed judgment amount, especially when the Undersigned compares the judgment amount with Plaintiff's prior sworn statements of record concerning the value of her FLSA claims. Specifically, in Plaintiff's Answers to the Court's Interrogatories, Ms. Rumreich stated under oath that she seeks $3,805.81 in unpaid wages plus liquidated damages. (Doc. 24-1 at 2). The proposed judgment amount, however, is only $500.00 in total. (Doc. 46; Doc. 48-1). As a result, the amount Plaintiff originally sought in this case far exceeds the amount of the proposed judgment. The parties have not addressed this discrepancy such that the Court may evaluate the fairness and reasonableness of the proposed judgment amount as compared to Plaintiff's original damages estimates submitted under oath. Thus, for this reason as well, the Undersigned cannot recommend that the Offer of Judgment be found to be a fair and reasonable resolution of Plaintiff's FLSA claims.

### C. Conclusion

Based upon the foregoing, the Undersigned cannot find that Plaintiff Mariah Rumreich has either received full relief of her FLSA claims or that the compromise of her claims is fair and reasonable. On this point, the Undersigned previously warned the parties that if they failed to adequately supplement the record, then the Undersigned may recommend to the presiding District Judge that the Offer of Judgment be held to be null and void. (Doc. 47 at 7 (citing

10

*Walker*, 300 F.R.D. at 605)).  This is the exact scenario presented here.  Because the Undersigned cannot find that the Offer of Judgment represents a fair and reasonable resolution of Plaintiff's FLSA claims, the Undersigned recommends that the Offer of Judgment be stricken and held to be null and void.

### IV.     Plaintiff's Motion for Leave to Amend Complaint, Add Parties (Doc. 44)

As a final matter, because the Undersigned cannot find that the Offer of Judgment is fair and reasonable, the Undersigned cannot recommend that the Court grant Plaintiff's Motion for Leave to Amend Complaint, Add Parties (Doc. 44).  Indeed, the effect of that Motion is to remove Plaintiff Mariah Rumreich as a party.  (*See id.*).  Because the Undersigned is not satisfied that Plaintiff Mariah Rumreich has either received full relief of her FLSA claims or that the compromise of her FLSA claims is fair and reasonable, the Undersigned finds that she should not be removed as a party.  The Undersigned, therefore, recommends, that Plaintiff's Motion for Leave to Amend Complaint, Add Parties (Doc. 44) be denied without prejudice.

### CONCLUSION

Accordingly, for the reasons explained above, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1) Plaintiff's Motion for Leave to Amend Complaint, Add Parties (Doc. 44) be **DENIED WITHOUT PREJUDICE**.

2) The Offer of Judgment (Doc. 48-1) be **STRICKEN** and held to be null and void.

Respectfully recommended in Chambers in Fort Myers, Florida on July 31, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties

12