UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAH RUMREICH, on behalf of
herself and all others similarly situated

       Plaintiff,

v.                                      Case No: 2:17-cv-292-FtM-38MRM

GOOD SHEPHERD DAY SCHOOL
OF CHARLOTTE, INC.,

       Defendant.
_____/

## **OPINION AND ORDER**[1]

       Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation ("R&R") (Doc. 49), recommending that Plaintiff's Motion for Leave to Amend Complaint, Add Parties (Doc. 44) be denied without prejudice and that the Offer of Judgment (Doc. 48-1) be stricken and held null and void. Also before the Court are Plaintiff's Declaration of Mariah Rumreich (Doc. 54), Plaintiff's Motion to Amend Complaint, Add Parties (Doc. 55), and Defendant Good Shepherd Day School of Charlotte, Inc.'s Objection (Doc. 56). The Rumreich's Declaration was filed after the R&R was entered, which puts this FLSA overtime case in a much different posture than when Judge McCoy examined the issues.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

Plaintiff Mariah Rumreich worked for Defendant Good Shepherd as a Preschool Teacher/Day Care Worker for about two years. (Doc. 34 at 3). After her employment ended, Rumreich sued Good Shepherd for failing to pay overtime. (Doc. 15 at 5). In her sworn answers to the Court's Interrogatories to Plaintiff, Rumreich claimed $3,695.25 in unpaid overtime, plus liquidated damages, attorney's fees, and costs. (Doc. 24-1).

Good Shepherd served an Offer of Judgment on Rumreich under Rule 68 of the Federal Rules of Civil Procedure, offering to accept judgment of $500.00 as resolution of all claims. (Doc. 48-1). Rumreich accepted the offer and moved for leave to file an amended complaint that would remove her as a party to the case. (Doc. 44; Doc. 55). Judge McCoy took the motion under advisement and gave the parties an opportunity to show that the Offer of Judgment complied with *Lynn's Food Store, Inc. v. U.S.*, 679 F. 2d 1350 (11th Cir. 1982). (Doc. 47). Plaintiff then filed a Notice of Filing Offer of Judgment, which attached the Offer of Judgment but did not provide any additional evidence or information. (Doc. 48).

Judge McCoy found the record "woefully insufficient" for the Court to conduct the fairness analysis mandated by *Lynn's Food* and recommended that the Motion for Leave to Amend Complaint/Add Parties be denied and the Offer of Judgment be stricken. (Doc. 49). The parties then filed a Joint Motion for Reconsideration of Magistrate Judge's Finding or, in the Alternative, Objection to Report and Recommendation, in which they disclosed Rumreich's deposition testimony that the maximum damages she could recover, including liquidated damages, is $361.02. (Doc. 51). The Joint Motion was not verified or supported by affidavit or other evidence. Judge McCoy denied the Joint

Motion, finding that unsworn statements of counsel did not displace the sworn statement of Rumreich regarding the amount of her claim. (Doc. 53).

Rumreich then filed a sworn declaration, verifying the accuracy of the Joint Motion, but also stating that she testified in her deposition that Good Shepherd owed her "around $500.00 in wages." (Doc. 54). Good Shepherd filed an Objection to Report and Recommendation, arguing judicial approval is not required because the Offer of Judgment fully compensates Rumreich for her claims. (Doc. 56).

## DISCUSSION

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, and the court may accept, reject, or modify the findings in whole or in part. 28 U.S.C. § 636(b)(1); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge makes a *de novo* determination of any portion to which a specific objection is made. 28 U.S.C. § 636(b)(1); *Kosher v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016). New evidence may be considered at the discretion of the court. 28 U.S.C. § 636(b)(1); *Hunnicut v. Hawk*, 229 F.3d 997, 1001-02 (10th Cir. 2000). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

In its Objection to the R&R, Good Shepherd argues the Offer of Judgment does not require judicial approval because it provides full compensation of Rumreich's claims.

(Doc. 56). But at the time the R&R was entered, the evidence before Judge McCoy showed a proposed $500.00 settlement of a claim for $3,695.25 plus liquidated damages. The parties' attempt to justify the Offer of Judgment in their Joint Motion for Reconsideration was insufficient because it did not change the evidentiary posture of the case. *See Ladner v. Litespeed Mfg. Co.*, 537 F. Supp. 2d 1206, 1217 (N.D. Ala. Feb. 14, 2008) ("Statements by counsel in briefs are not evidence."). The findings and conclusions of the R&R were correct when made.

When the Joint Motion proved unsuccessful, Rumreich attempted to address the shortcoming by filing her Declaration. (Doc. 54). District courts have discretion to consider new evidence after entry of an R&R, but they are not required to do so. *Shultz v. Sec'y of U.S. Air Force*, 522 F. App'x 503, 506 (11th Cir. 2013). The Court ordinarily does not consider new evidence that a party neglected to give the magistrate judge. But in this case, neither party would be prejudiced by the Declaration because they both seek approval of the settlement. And judicial economy would not be served by sending the parties back to the magistrate judge to make yet another attempt to justify the settlement. The Court will therefore consider Rumreich's Declaration.

The Declaration states two relevant but contradictory facts. Rumreich first states that she agrees with the accuracy of the Joint Motion, which calculated the value of her claim for unpaid wages and liquidated damages to be $361.02. (Doc. 54). But Rumreich then states she testified in a deposition that Good Shepherd owed her "around $500.00 in wages." (Doc. 54).

The Court is tasked with determining *de novo* whether the Offer of Judgment provides full compensation of Rumreich's claim. Resolution of this issue depends on

which of the three amounts presented is an accurate calculation of Rumreich's claim. Rumreich initially claimed $3,695.25 plus liquidated damages, but she has since abandoned that calculation. Her claim for "around $500.00 in wages," unaccompanied by any explanation of how it was calculated, is not credible. The $361.02 amount, on the other hand, is supported by the stipulation of counsel for both parties, a detailed accounting, and Rumreich's verification. The Court therefore accepts the parties' stipulation that Rumreich is claiming $361.02 in unpaid wages and liquidated damages. Considering this finding, the Court holds that the $500.00 Offer of Judgment fully compensates Rumreich and no further scrutiny is required.

The Court now turns to Rumreich's two Motions for Leave to Amend Complaint, Add Parties. (Doc. 44; Doc. 55). These motions were filed to add Joleen Doherty and Kimberly Coleman to the case as plaintiffs. In an earlier Order, the Court granted Doherty and Coleman leave to join this action pursuant to Rule 20 of the Federal Rules of Civil Procedure, but they have not done so. Rumreich is the only plaintiff, and her claim is resolved. The two outstanding motions for leave to amend are therefore moot. *See Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F. Supp. 2d 1211, 1221 (M.D. Fla. 2003) (finding a request to certify the case as a collective action moot when the only named plaintiff's claim was resolved by an offer of judgment).

The issue of attorney's fees and costs is all that remains. Rumreich requested in her Notice of Filing of Offer of Judgment that the Court retain jurisdiction for an award of costs and fees. The Offer of Judgment does not explicitly state whether it includes costs and attorney's fees, and 29 U.S.C. § 216(b) makes such an award to prevailing FLSA plaintiffs mandatory. The Court will therefore retain jurisdiction for the limited purpose of

determining an appropriate award for fees and costs. Counsel for the parties shall confer on the issue. If they are unable to reach an agreement, they shall brief the issue in accordance with this Order.

Accordingly, it is now

**ORDERED:**

United States Magistrate Judge Mac R. McCoy's Report and Recommendation ("R&R") (Doc. 49) is **ACCEPTED and ADOPTED in part**. The Court accepts and adopts Sections I and II of the Report and Recommendation (Doc. 49) with the exception of the last paragraph of Section I. In light of the Declaration of Mariah Rumreich (Doc. 54), it is **ORDERED**:

1. Plaintiff Mariah Rumreich's Notice of Acceptance of Rule 68 Offer (Doc. 46) and Notice of Filing Offer of Judgment (Doc. 48) are **GRANTED**.

2. Plaintiff Mariah Rumreich's Motions for Leave to Amend Complaint, Add Parties (Doc. 44; Doc. 55) are **DENIED** as moot.

3. The parties are **ORDERED** to confer on the issue of costs and attorney's fees. If the parties are unable to agree, Plaintiff may file a motion for costs and attorney's fees on or before **September 29, 2018**, and Defendant may file a response on or before, **October 10, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of September 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record