UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAH RUMREICH, on behalf of herself
and all others similarly situated,

     Plaintiff,

v.                                   Case No:   2:17-cv-292-FtM-38MRM

GOOD SHEPHERD DAY SCHOOL OF
CHARLOTTE, INC.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

     Pending before the Court is Plaintiff's Motion for Attorney's Fees and Costs filed on

September 27, 2018.  (Doc. 58).  Defendant responded to Plaintiff's Motion on October 31,

2018.  (Doc. 63).  With leave of court, Plaintiff filed a Reply to Defendant's Response.  (Doc.

66).  Accordingly, this matter is ripe for review.  For the reasons set forth below, the

Undersigned recommends that Plaintiff's Motion for Attorney's Fees and Costs (Doc. 58) be

**GRANTED IN PART and DENIED IN PART.**

## I.    Background

     On May 30, 2017, Plaintiff Mariah Rumreich brought this Fair Labor Standards Act

("FLSA") action for an alleged overtime compensation violation pursuant to 29 U.S.C. § 207

---

[1]  Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

against The Church of the Good Shepherd, Inc.  (Doc. 1).  On August 8, 2017, Plaintiff amended her Complaint by substituting Defendant Good Shepherd Day School of Charlotte County, Inc., for the Church of the Good Shepherd, Inc.  (Doc. 15; *see also* Doc. 16).

 As alleged in the Amended Complaint, Plaintiff worked for Defendant as a preschool teacher from April 2015 to March 2017.  (Doc. 15 at 3).  Plaintiff alleged Defendant failed to properly compensate her for the time she worked in excess of forty hours per week.  (*Id.* at 5).  In addition to overtime compensation and liquidated damages, Plaintiff requested "reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b)."  (*Id.* at 6).  On August 29, 2017, Defendant filed an Answer, denying all liability for the alleged overtime compensation violation and asserting that Plaintiff was exempt from entitlement to overtime compensation.  (Doc. 20).  Ultimately, the parties reached a settlement wherein Plaintiff accepted Defendant's Offer of Judgment in the amount of $500.00.  (Doc. 46).

 On September 18, 2018, the Court granted Plaintiff's Notice of Acceptance of Rule 68 Offer and Notice of Filing Offer of Judgment.  (Doc. 57).  Moreover, the Court retained "jurisdiction for the limited purpose of determining an appropriate award for fees and costs." (*Id.* at 5-6).  The Court also directed the parties to confer on attorney's fees and costs prior to filing any motions.  (*Id.* at 6).

 Plaintiff filed the Motion *sub judice* on September 27, 2018.  (Doc. 58).  She contends that reasonable attorney's fees and costs are "mandatory under the FLSA" when a plaintiff is the prevailing party.  (*Id.* at 3).  Plaintiff requests fees in the amount of $11,900.00 and costs in the amount of $472.59.  (*Id.*).  Plaintiff's attorney requests an hourly rate of $500.00.  (*Id.* at 9). While Defendant does not dispute that "the FLSA permits the recovery of reasonable attorney's fees and costs," it contests the requested hourly rate and the number of hours expended in this

action as excessive and unreasonable.  (Doc. 63 at 4-17).  The Court must now determine whether Plaintiff's request for attorney's fees and costs is reasonable.

## II.    Analysis

Under the FLSA, courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  "A reasonable attorneys' fee is 'properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate'" to obtain the "lodestar."  *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1317 (M.D. Fla. 2001) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *see also Lawrence v. Berkley Grp., Inc.*, No. 10-61069-civ-KMW, 2013 WL 12239477, at *1 (S.D. Fla. Feb. 20, 2013).

The party seeking fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  "[A]n applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." *Wales*, 192 F. Supp. 2d at 1317 (citing *Norman*, 836 F.2d at 1299).  A court may, however, rely on its own expertise and judgment in assessing the value of counsel's services.  *Id.* (citing *Norman*, 836 F.2d at 1303).

### a.    Hourly Rate

The first step in reaching the lodestar is to determine a reasonable hourly rate, which "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11).  Generally, the "'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"

*Wales*, 192 F. Supp. 2d at 1318 (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)); *see also United States v. Central Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-cv-93-Orl-9DABC, 2007 WL 1601747, at *5 (M.D. Fla. June 1, 2007).  Thus, the relevant market is the Fort Myers Division of the United States District Court for the Middle District of Florida.  *Isaac v. Classic Cleaners of Pelican Landing, Inc.*, No. 2:16-cv-171-FtM-29CM, 2017 WL 632510, at *1 (M.D. Fla. Feb. 16, 2017) (citing *Olesen–Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009)).

In this case, Plaintiff requests an hourly rate of $500.00.  In support, Plaintiff states that this Court previously awarded him $500.00 per hour in a FLSA matter.  (Doc. 58 at 7 (citing *Carruega v. Steve's Painting, Inc.*, No. 2:16-CV-715-FtM-29CM, Doc. 29)).  Plaintiff also relies on the Laffey Matrix, which she alleges reflects an hourly rate of $826 for an attorney with over twenty years of experience.  (*Id.*; *see also* Doc. 58-3 at 1).  Defendant argues in turn that the Court's previous decision to award Plaintiff's counsel $500 an hour was made on an unopposed motion.  (Doc. 63 at 6).  Defendant further contends "the Laffey Matrix is not relevant evidence of the prevailing market rate."  (*Id.* at 7).  Moreover, Defendant argues the requested rate is "completely unreasonable for this case, where the issues involved were simple and the litigation was not complex."  (*Id.* at 8).

Defendant is correct that the Laffey Matrix is not relevant evidence of the prevailing market rate.  In fact, jurists in this Court have declined to rely on the Laffey Matrix as competent evidence of a reasonable hourly rate.  *See, e.g.*, *Church of Our Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1273 n. 17 (M.D. Fla. 2015) ("The Laffey Matrix is not competent evidence of the prevailing market rate . . . , as one page submitted indicates that the matrix is meant to reflect an appropriate rate for attorneys in Washington D.C."); *Walker v. Ruben &*

*Rosenthal, Inc.*, No. 6:13-CV-798-Orl-18DAB, 2013 WL 5720248, at *5 (M.D. Fla. Oct. 21, 2013) (declining to rely on the Laffey Matrix); *Holman v. Student Loan Xpress, Inc.*, 778 F. Supp. 2d 1306, 1312 (M.D. Fla. 2011) (same).

Moreover, this Court has previously determined "rates in the Fort Myers area for FLSA cases range from $275.00 to $375.00." *Worthen v. Buckshot Cable, Inc.*, No. 2:12-CV-57-FTM-38UAM, 2013 WL 3070847, at *2 (M.D. Fla. June 17, 2013). While this Court recently awarded a rate of $400 an hour to an attorney with more than fifteen years' experience as a labor and employment attorney, the Court noted that the rate was "on the higher end of reasonable in the Fort Myers Division" and that the rate was "not disputed by defendants." *Adams v. Fritz Martin Cabinetry, LLC*, No. 2:18-CV-83-FtM-99MRM, 2018 WL 4215892, at *4 (M.D. Fla. Sept. 5, 2018); *see also Bishop v. VIP Transp. Grp., LLC*, No. 6:15-CV-2118-ORL-22KRS, 2017 WL 1533834, at *4 (M.D. Fla. Apr. 7, 2017) (finding that $350 an hour was a reasonable hourly rate for an attorney with more than twenty years' experience as a labor and employment attorney); *Wise v. Bravo Foods LLC*, No. 6:15-CV-1199-Orl-41DAB, 2016 WL 4203859, at *2 (M.D. Fla. July 8, 2016) (noting that the Court generally applies a rate of $350 an hour for "experienced counsel"). Given the lack of complexity in this case and taking into account the length of counsel's experience handling cases of this nature, the Undersigned recommends that the Court find $350.00 to be a reasonable hourly rate.

**b.    Number of Hours Expended**

The second step in the lodestar analysis is determining what hours were reasonably expended in pursuing the action. Fee applicants must exercise "billing judgment" and exclude hours "that would be unreasonable to bill to a client." *ACLU of Ga.*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "[A] court may reduce excessive, redundant or

otherwise unnecessary hours in the exercise of billing judgment." *Galdames v. N & D Inv. Corp.*, 432 Fed. App'x 801, 806 (11th Cir. 2011) (emphasis omitted) (quoting *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988)).  "When a district court finds the number of hours claimed is unreasonably high, the court has two choices:  it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

"'[O]bjections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *ACLU of Ga.*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).  Consequently, "a fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal," and therefore, "all hours to which the [fee opponents] have not made an objection will be accepted." *Wales*, 192 F. Supp. 2d at 1320.

Plaintiff alleges that counsel invested a total of 23.8 hours to reach a settlement of $500 in Plaintiff's favor.  (*See* Doc. 58-1 at 3).  Defendant challenges this amount of time as excessive and has identified several entries it argues should be reduced or excluded.  (Doc. 63 at 10-13). The Undersigned has reviewed both the billing entries and Defendant's objections to these hours and concludes that not all hours billed are reasonable.[2]  The Undersigned addresses Defendant's objections below.

### i.   April 10, 2017 & August 29, 2017 Entries

Defendant first objects to .4 hours spent on April 10, 2017 for drafting a "Letter demand to employer" on the basis that this time was "excessive for any attorney, much less one with Mr. Berke's claimed level of experience."  (Doc. 63 at 10).  Defendant further challenges .4 hours

---

[2]  In reviewing the billing entries, the Undersigned relies on the time records attached to the Motion *sub judice*.  (Doc. 58-1).

billed on August 29, 2017, for reviewing Defendant's Answer to the Amended Complaint on the basis this entry was "a result of Plaintiff's error in naming the wrong party in the Complaint." (Doc. 63 at 11).  However, this is the only billing entry for Plaintiff's reviewing Defendant's Answer, and the Undersigned concludes that .4 hours to review Defendant's Answer is reasonable.  Moreover, in neither objection has Defendant made an "attempt to indicate what a reasonable lesser number of hours would be, but simply seek[s] to have all hours stricken." *Wales*, 192 F. Supp. 2d at 1322.  The Undersigned concludes that .4 hours to draft a demand letter and .4 hours to review the Answer are both reasonable and, therefore, the Undersigned recommends that the Court overrule the objections to the April 10 and August 29 entries.

### ii.      April 16, 2017 & August 8, 2017 Entries

Defendant next objects to two entries on the basis that Plaintiff initially named the wrong party.  (Doc. 63 at 10-11).  Specifically, Defendant challenges 2 hours of time billed on April 16, 2017 for "Legal research FLSA church exemption," claiming this entry "is likely a result of [counsel's] decision to name the incorrect party in the Complaint."  (*Id.* at 11).  Defendant also challenges .5 hours billed on August 8, 2017 for drafting an amended complaint and reviewing the file, arguing "Plaintiff only needed to draft this Amended Complaint because Plaintiff named the wrong party."  (*Id.*).  The Undersigned notes that the only significant difference between the original Complaint and the Amended Complaint is the Defendant's name.  (*Compare* Doc. 1, *with* Doc. 15).

Fees arising "out of Plaintiffs' counsels' need to correct their mistakes" are "both excessive and redundant."  *Leblanc v. USG7, LLC*, No. 6:12-CV-1235-Orl-41TBS, 2016 WL 1358529, at *2 (M.D. Fla. Apr. 6, 2016) (declining to award fees incurred for drafting, filing, and serving a second amended complaint).  This Court will not reimburse counsel for "time devoted

to correcting one's own errors." *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000). Furthermore, Defendant "should not be charged for the research" of an issue that was never used in the case. *Nautilus Ins. Co. v. Monticello Ins. Co.*, No. 2:08-cv-238-Ftm-SPC, 2009 WL 10669907, at *4 (M.D. Fla. Feb. 5, 2009); *see also Kennedy v. Three J's L.L.P.*, No. 2:16-cv-214-FtM-38MRM, 2018 WL 1036989, at *6 (M.D. Fla. Feb. 6, 2018), *report and recommendation adopted*, No. 2:16-cv-214-FtM-38MRM, 2018 WL 1010838, at *6 (M.D. Fla. Feb. 22, 2018). Because these hours were billed due to a need to correct the identity of the proper defendant, the Undersigned recommends the Court deduct the .5 hours billed for amending the complaint and the 2 hours for researching an issue not used in this case, for a total deduction of 2.5 hours.

### iii.   August 21, 2017, September 18, 2017, and November 10, 2017 Entries

Next, Defendant objects to three billing entries that each identically state: "Call to Defense Attorney; left voicemail; review file." (Doc. 63 at 11-12). The August 21, 2017 entry totals .3 hours, while the September 18 and November 10 entries each total .2 hours. (*Id.*; *see also* Doc. 58-1 at 1-2). Defendant claims these entries are excessive. The Undersigned agrees. *See, e.g.*, *Zachloul v. Fair Debt Collections & Outsourcing*, No. 8:09-CV-128-T-27MAP, 2010 WL 1730789, at *3 (M.D. Fla. Mar. 19, 2010), *report and recommendation adopted sub nom. Zaghloul v. Fair Debt Collections & Outsourcing*, No. 8:09-CV-128-T-27MAP, 2010 WL 1727459 (M.D. Fla. Apr. 27, 2010) (reducing billable hours for voicemails from .3 to .1 hours); *Fulford v. NCO Fin. Sys., Inc.*, No. 607-CV-1196-Orl-22KRS, 2008 WL 2952859, at *8 (M.D. Fla. July 30, 2008) (reducing billing entry for a voicemail and two-sentence email from .6 hours to .2 hours).

Although these entries also indicate that counsel "review[ed] file," this description is facially vague.  The Undersigned declines to consider time spent "reviewing the file" for unspecified purposes to be reasonable.  Accordingly, the Undersigned recommends the Court reduce each of these 3 billing to .1 hours, for a total deduction of .4 hours.

### iv.    Entries Related to Review of Documents

Plaintiff also seeks a total of 1.2 hours for review of the following documents:

| DATE | DESCRIPTION | TIME |
|---|---|---|
| September 6, 2017 | Review Defendant's Cert. of Interested Persons; review file | .2 |
| September 19, 2017 | Review Scheduling Order; review file | .3 |
| December 22, 2017 | Review Case Management Report; review file | .2 |
| January 10, 2018 | Receipt & Review Defendant's Initial Disclosures | .2 |
| July 6, 2018 | Receipt & Review Rule 68 Offer; review file | .3 |

(*See* Doc. 58-1 at 1-2).

Defendant argues that the number of hours billed for reviewing these documents is excessive.  (Doc. 63 at 12).  The Undersigned agrees that the time spent reviewing Defendant's Certificate of Interested Persons (Doc. 21) is excessive and recommends reducing the September 6 entry by .1 hour.  *See, e.g.*, *Hill v. Chequered Flag Auto Sales, Inc.*, No. 6:05-CV-1597-Orl-18KRS, 2007 WL 710139, at *4 (M.D. Fla. Mar. 6, 2007) (finding .1 hours a reasonable amount of time to review a document that is substantively less than one and one-half pages).  As to the remaining entries, however, the Undersigned concludes the entries are reasonable.  Thus, the Undersigned recommends that the Court deduct only .1 hours from this group of disputed time entries.

v.       **January 16, 2018 Entry**

Defendant also challenges the hours sought for counsel's travel time to attend the Pretrial Conference in Fort Myers.  (Doc. 63 at 13).  Plaintiff's counsel billed 2 hours in this entry.  (Doc. 58-1 at 2).  Defendant argues travel time is "not compensable" and that this billing entry is block billed with other tasks including "review Order; Dictate & Review Second Amended Complaint; review file" making it "impossible to know how much time was spent of each of these tasks." (Doc. 63 at 12-13).

"Courts in the Middle District have taken varying approaches to awarding fees for travel time.  Some have deducted the time where able local counsel was available, some have awarded it, and others have reduced the number of recoverable hours."  *Compare Martinez v. Hernando Cty. Sheriff's Office*, No. 8:12-CV-666-T-27TGW, 2013 WL 6047020, at *3 (M.D. Fla. Nov. 13, 2013) (deducting all thirty-eight hours of travel time, which constituted one-fifth of the total hours billed, because there were "many local attorneys who [were] qualified to handle" the case), *with John M. Floyd & Assocs., Inc. v. First Fla. Credit Union*, No. 3:09-cv-168-J-MCR, 2012 WL 162331, at *2 (M.D. Fla. Jan. 19, 2012) (reducing excessive travel time), *and Wales*, 192 F. Supp. 2d at 1324 (citing *Johnson v. Univ. Coll. Of Univ. of Ala in Birmingham*, 706 F.2d 1205, 1208) (awarding travel time).

The Undersigned recommends deducting the time billed for travel in connection with this time entry.  Additionally, the entry is plainly block-billed, making it impossible for the Court to determine how much time was actually spent traveling, how much time was spent at the pretrial conference, or how much time was spent reviewing documents.  (*See* Doc. 58-1 at 2); *see also Franklin v. Hartford Life Ins. Co.*, No. 8:07-cv-1400-T-23MAP, 2010 WL 916682, at *3 (M.D. Fla. Mar. 10, 2010) ("[B]lock billing makes judicial review unnecessarily difficult and warrants

reduction of the number of hours claimed in the attorney's fee motion."). Therefore, the Undersigned recommends the Court disallow recovery for this time entry and deduct a total of 2 hours accordingly.

### vi.   August 21, 2018 Entry

Defendant next challenges 1 hour billed for "Telephone Conf. with client; dictate & review Declaration of Plaintiff, review file," asserting it is vague and block-billed.  (Doc. 63 at 13; *see also* Doc. 58-1 at 2).  A court may deduct entries that are too vague to determine how the time was spent. *Franklin*, 2010 WL 916682, at *3; *Bujankowski v. Kocontes*, No. 8:08-cv-0390-T-33EAJ, 2009 WL 1564263, at *3 (M.D. Fla. Feb. 2, 2009), *report and recommendation adopted in part*, No. 8:08-CV-390-T-33EAJ, 2009 WL 1564244 (M.D. Fla. May 1, 2009), *aff'd*, 359 F. App'x 112 (11th Cir. 2009).  The Undersigned agrees that the August 21, 2018 entry is impermissibly block-billed, thereby making it impossible for the Court to determine how much time was actually spent on the telephone, dictating, or reviewing documents.  *Franklin*, 2010 WL 916682, at *3.  Thus, the Undersigned recommends the Court deduct 1 hour in connection with this billing entry.

### vii.   September 26, 2018 and September 27, 2018 Entries

Finally, Defendant objects to the September 26 and September 27 entries reflecting 2.5 and 2 hours, respectively, spent drafting, reviewing, and revising the subject Motion, arguing the entries are redundant and excessive.  (Doc. 63 at 17).  Redundant and excessive hours are "those that would be unreasonable to bill to a client and therefore to one's adversary." *Norman*, 836 F.2d at 1302.  Upon consideration, the Undersigned does not find a total of 4.5 hours spent on a fee motion to be excessive or redundant.  Accordingly, the Undersigned finds and recommends that these time entries are reasonable and should be awarded.

### c.     Lodestar Amount

Based on the foregoing recommended reductions, the Undersigned computes the lodestar as follows:  17.8 hours (23.8 - 6) x $300.00 per hour = $5,340.00.

### d.     Adjustment to the Lodestar

The analysis does not end there, however.  "After determining the lodestar amount, '[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit.'" *Jackson v. Investigations & Sec. Bureau, Inc.*, No. 8:15-CV-2194-T-35JSS, 2018 WL 6174250, at *3 (M.D. Fla. Oct. 30, 2018), *report and recommendation adopted*, No. 8:15-CV-2194-T-35JSS, 2018 WL 6172463 (M.D. Fla. Nov. 26, 2018) (alteration in original) (quoting *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006)).  "If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Norman*, 836 F.2d at 1302.  However, "given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Rivera Santiago v. Wm. G Roe & Sons, Inc.*, No. 8:07-CV-1786-T-27MAP, 2010 WL 2985697, at *4 (M.D. Fla. Feb. 4, 2010) (quoting *Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 1208573, at *5 (S.D. Fla. Mar. 10, 2005)).

Nonetheless, courts within the Eleventh Circuit have reduced attorney's fees where a plaintiff obtained only a small percentage of the damages sought.  *See Erkins v. Bryan*, 785 F.2d 1538, 1544-46 (11th Cir. 1986) (affirming district court's reduction of attorney's fees by 60% where plaintiff only obtained 10% of damages sought); *Martinez*, 2013 WL 6047020, at *4 (reducing lodestar by 75% in a FLSA case where the plaintiff estimated that his damages were $236,952.87 but was only awarded damages of $1,075.44); *Andrike v. Maple Way Cmty., Inc.*,

No. 8:11-CV-1939-T-24, 2013 WL 1881135, at *4 (M.D. Fla. May 3, 2013) (reducing lodestar by 35% in a FLSA case where the plaintiff sought $68,544 in damages and settled for $2,500).

Defendant argues the lodestar should be reduced "because [Plaintiff] accepted judgment for significantly less than she originally sought" and that the requested attorney's fees are "over twenty-three times" Plaintiff's recovery (Doc. 63 at 14-15).  Here, Plaintiff accepted $500.00 to resolve this FLSA claim after originally requesting $3,805.81 plus liquidated damages.  (Doc. 58 at 4; Doc. 24-1 at 2).  Plaintiff's recovery therefore equates to roughly "6.5% of the amount she originally sought."  (Doc. 63 at 16).  However, Plaintiff claims the "results achieved by Plaintiff warrant full compensation of fees."  (Doc. 66 at 3).  Further, Plaintiff claims Defendant used "delay tactics," which led to Plaintiff's extensive time.  (Id.).

Although Defendant does not specify what the downward adjustment to the lodestar should be, (see Doc. 63 at 16), the Court has the authority to determine if an adjustment is appropriate and what the appropriate adjustment is, Hodges v. Sch. Bd. of Orange Cty., Fla., No. 6:11-CV-135-ORL-36, 2014 WL 6455436, at *12 (M.D. Fla. Nov. 13, 2014).  While Plaintiff was successful in receiving a settlement offer, Plaintiff recovered merely 6.5% of the damages sought, and Plaintiff's attorney is requesting twenty times her recovery.  (Doc. 63 at 15-16).  Thus, the Undersigned recommends the Court reduce the attorney's fees by 60% based on Plaintiff's limited success.  In light of the 60% reduction, the Undersigned recommends the Court award $2,136.00 in fees.

    e.    **Costs**

In addition to attorney's fees, Plaintiff seeks $472.59 in costs.  (Doc. 58 at 12).  In determining what costs may be awarded in a FLSA action, courts are limited to taxing those costs enumerated in 28 U.S.C. § 1920.  Padurjan, 441 F. App'x at 687 ("In [Crawford Fitting

*Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987),] the Supreme Court held that the costs

taxable in favor of a prevailing party are limited to those authorized in 28 U.S.C. § 1920.").  A

court is therefore prohibited from taxing costs "in excess of those permitted by § 1920."

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-Orl-22JGG, 2007 WL 328792, at *3 (M.D. Fla.

Jan. 8, 2007) (citing *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988)).

> Section 1920 enumerates the following as taxable costs:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, Plaintiff seeks to recover the $400.00 fee charged by the Clerk of the Court to file

this action in addition to mileage and parking fees.  (Doc. 58 at 11; Doc. 58-1 at 3).  Defendant

does not object to the $400.00 filing fee but contends mileage and parking charges "are not

specifically listed in § 1920" and are not taxable costs.  (Doc. 63 at 16).  In reply, Plaintiff argues

that the "definition of costs under 1920 is not controlling" and that parking is a taxable cost.

(Doc. 66 at 3).

As noted above, awardable costs are limited to those enumerated in § 1920.  Parking and

mileage are "not included within the costs allowed by § 1920."  *Frost v. McNeilus*, No. 8:14-CV-

81-T-24 MAP, 2015 WL 1730244, at *2 (M.D. Fla. Apr. 14, 2015).  Accordingly, the

Undersigned recommends that the Court decline to award costs for mileage and parking and award only the cost of the filing fee for a total of $400.00 in costs.

## III.   Conclusion

For the reasons explained above, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for an Award of Attorney's Fees and Costs (Doc. 58) be **GRANTED IN PART and DENIED IN PART** as follows:

1) That Plaintiff be awarded $2,136.00 in attorneys' fees.

2) That Plaintiff be awarded $400.00 in costs.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 23, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties